Good morning Your Honor, this is Lowell Davis for the appearance. You may proceed. Yes, thank you. Your Honor, this was a case that was originated in the bankruptcy commerce and refusal to negotiate a decision was granted on the court. It is our contention that notwithstanding the default, the material allegations of the and failed to support the relief request. In this matter, the marital residence of the debtor was sold. At the time of the sale, the marital residence became marital property upon the wedding and and is now a deceased wife. On October of 2014, they entered into a property settlement agreement. The property settlement agreement was determined by Judge Trey and confirmed by Judge Harris. At the sale of the property, notwithstanding, it was conceded in the adversary's complaint that the transfer of the deceased spouse's interest in the marital property was secured by a retired dean. So, when the adversary proceeding was started against the appellant, the complaint was officially enacted. A number of affirmative defenses in a motion to dismiss, there being a lack of federal and that the complaint could have been dismissed under Rule V. 6. The marital agreement that was part of the record was actually missing certain pages. It was deficient in that regard, and as a consequence, the court could not have ruled based upon adequate evidence. On that basis, I would respectfully request a repentance on that issue. The decision by Judge Trey, interpreted and affirmed by Harris, determined that the property settlement agreement was a sale of the property and went on to conclude that there was insufficient consideration. He also determined in that same decision that the estate or the deceased spouse was entitled to bring a claim for $150,000. The October 14, 2014 agreement provided that the spouse would transfer her interest, the interest was not defined, to the debtor for $350,000 payable in two installments. As the debtor defaulted on making the second payment, the spouse went back to the marriage and filed a complaint under the terms of stipulation of settlement that the property was to be returned to her. At the time of the execution of the property settlement agreement, two deeds were prepared. One transferred the title to the debtor so that he could refinance the property and fund the payments to the deceased spouse. The deceased spouse passed away in 2019, long before the debtor got his petition. So the collateral argument is that the house never became part of the debtor's estate. Mr. Davis, the property has now been sold, correct? Sold, that's correct. Maybe you could spend a little of your time addressing your adversary's principle argument that Section 363M of the Bankruptcy Code renders your claim statutorily moot at this point. There was no stay pending appeal. I'm sorry. At this point, it would only be moot if there was no possible relief that could be afforded these appellants. However, the proceeds of the sale are still intact, and they should either receive the entire proceeds of the sale or at least $150,000, which was the amount due in owing their mother on the date of her death, which debt would have passed outside of the bankruptcy estate directly to the appellant. So that would be one of the requested reliefs that we're seeking, is that from the proceeds of the sale, that either the proceeds be paid to the appellant, less there was a mortgage on the property. So less that mortgage. In the alternative, the agreement between the debtor and the deceased spouse will have a security provision in the event of a default. Now, Judge Drain, affirmed by Judge Harris, concluded that the money owed to the deceased was balance of the unpaid portion of the settlement agreement. Those funds are intact and are available to be paid to the appellant, either the entirety or the amount that is still due in owing. Well, you concede you did not get a stay pending appeal, correct? We had a stay and then the stay expired. Right. So there's no stay pending appeal. And the law in this circuit is that you can't get appellate review of a sale such as the one here, authorized by 363B or C, as long as it was made to a good faith purchaser. And don't we have a good faith purchaser here? Well, it would not, under those circumstances, which we acknowledge, the issue is twofold. First, the property never should have been part of the debtor's estate. Well, if you had got a say, you could come up here and make that argument. But doesn't, as Judge Livingston pointed out, doesn't Section 363M impose requirements that you just simply have not met? Well, under these circumstances, they still could afford the appellant's unrelief. And that would be what was identified by the district court as the money still bestowing the spouse at the time of her death. At the time of her death, there was a default, and the default could have been cured, which was what the district court would netted by making the payment to the appellant of the amount still due. The agreement provided that if there was a default in the first payment, the property would be sold. In the event of a default on the second payment, the spouse had the right to the return of the property or to return of the property and reimbursement for the monies that the debtor had paid. In this particular instance, the debtor deflated the value of the marital residence by taking out additional loans other than what was contemplated by the settlement agreement. The settlement agreement, incomplete as it was, still pointed out that there was a default, and the default is conceded. All of the allegations necessary to support the appellant's claims are conceded in the adversary proceeding. However, notwithstanding the adversary complaint, which was totally deficient, the appellant was not even named in any of the allegations of the complaint. There was no allegation that the appellant were a party to the agreement or had knowledge of the agreement. Why is that required? Counsel, why is that required to make out the claim under the fraudulent transfer claim? Well, because they weren't a party to the fraud. They weren't acknowledging the fraud, and the fraud was based upon inadequate consideration and tactics to the debtor when the debtor's attorney released the deed in extra. And as a collateral matter, we were able to fill some of the gaps in the adversary complaint part of the record, because, again, it was missing pages. But the application was made to not allow it in the appendix, notwithstanding the debtor. The trustee was aware—I'm sorry, the trustee conceded that there was money to an owing. The spouse, at the time of her death, which preceded the debtor filing Chapter 7— Mr. Davis, your time has expired. We'll hear from Mr. Seidman now. Certainly. Thank you. You're welcome. Thank you. Good morning. May it please the court. My name is Lon Seidman with the firm LaMonica Herbst & Menescalco for appellee Mark Tulis, the Chapter 7 trustee of the debtor's bankruptcy estate. I'll start briefly where appellant's counsel left off, which is the proposition that the of a fraud in order to be named as defendants in the complaint seeking to avoid and recover the transfer of title to the real estate to them as a fraudulent transfer. The short answer to that is it's simply not the case. Judge Drain addressed this in detail at the hearing seeking the default judgment due to the defendant's failure to appear and explained very clearly that knowledge or intention on the part of transferees is not relevant on a fraudulent transfer claim pursuant to the New York debtor-creditor law. What is relevant for purposes of this appeal we submit is whether or not the bankruptcy court was within its discretion to grant the default judgment under the circumstances that were present before the court at the time. And we submit it's very clear that it was a sound exercise of the bankruptcy court's discretion to grant that judgment. To just state briefly what this underlying complaint is about. The underlying complaint asserts that the debtor, Mr. Paswell, who had a 100% ownership interest in this real property, transferred his title to his former spouse and to the appellants with the intent to hinder, delay, or defraud creditors and without any consideration being provided to the debtor in return. And briefly by way of context, the debtor had been sued for pregnancy discrimination and in 2015 the jury verdict was rendered against the debtor for several million dollars consisting of both compensatory and punitive damages. The complaint explains that the jury verdict was rendered on September 15, 2015 and that two weeks later, on September 29, 2015, the debtor sent an email explaining that it was his intention to protect this real property for the benefit of his children. He wanted to leave it to his children. Mr. Seidman, can I turn you to mootness? Yes. So with respect to 363M, starting with statutory mootness, it seems as though that would clearly apply if this were a sale order that were the basis for the appeal, but the sale order didn't get appealed. That's correct. That's correct, Judge. The sale order was not appealed from, but certainly to the extent that the appellants would be seeking to somehow have title returned to them in the event that there was a reversal. Well, they say they're not seeking title. They're seeking proceeds. I'm not sure how that would work, to be honest. Yes, so to the extent they're seeking proceeds, what they need to do and what they've done is file a claim against the debtor's bankruptcy estate, seeking a payment of money. And they did that, and that claim has been adjudicated by the bankruptcy court, and there was an appeal that that claim was disallowed by the bankruptcy court, and there was a notice of appeal that was filed by the appellants, and the time to perfect that appeal under the applicable rules has expired without a brief being filed and that appeal being perfected. But the short answer is to the extent that the appellants claim that they're owed anything, and of course it's our position that they're not, that they had no right to receive that real estate. It's admitted in the record that they paid nothing for it. Their recourse would be to file a claim in the bankruptcy case, which is exactly what they've done. So I think that's an argument as to constitutional mootness in the sense that there wouldn't be, there's no mechanism, or the mechanism that's available to try to get some proceeds is fruitless, so there's sort of nothing left in terms of relief that can be provided. Could you respond to the applicability of statutory mootness in light of the fact that this is not an appeal of assailant? Well, it's not an appeal of assailant because, I mean, it's one step removed. It's even more clear, we think, that there's no base, that the appeal is moot because we, for exactly that reason, that not only was there no stay that was obtained to prevent the sale to the good-faith purchaser from taking place, but there was no appeal that was ever sought to be taken from that sale order. So we find ourselves in a situation where we have a third-party purchaser, a good-faith who purchased for good faith, in good faith and for value, who is now the owner of the property. And we have a situation where these appellants do not have the ability to undo that, to unwind that. The sale is taking place. It's final. And, again, we would submit that whether it's viewed as statutory mootness under Section 363M or equitable mootness or constitutional mootness, the fact of the matter is we can't undo the sale. And the recourse, to the extent they seek any payment from the debtor, is through the debtor's bankruptcy case and the filing of a claim. Do you, the Supreme Court's hearing the Moak Mall case, they just heard argument, which maybe has some overlap here. Do you have a view as to whether we need to wait for that decision? Yeah. Our view is that we do not. We are not asserting that this appeal should have been dismissed because this court, on the theory that this court lacks jurisdiction to hear it, pursuing a 363M, which I think is the essence of the question that's been argued on December 5th before the U.S. Supreme Court. We're not arguing that 363M is jurisdictional. What we're saying is that because of 363M, as well as equitable mootness, as well as all the other more fundamental reasons why the entry of the default judgment was appropriate, that the bankruptcy court's order should be affirmed. So, for that reason, we don't see any reason to have to wait for there to be a Supreme Court decision on that issue presented in that other case. Thank you. You're welcome. To the extent that there's time remaining, I'm happy to tick through quickly the main two factors that both the bankruptcy court and the district court relied upon in detail in finding that there was both A, a willful default on the part of the appellants to ever appear in the underlying action, and B, the very detailed finding that none of the purported affirmative defenses that the appellants sought to interpose in their proposed answer have any merit whatsoever. And for those reasons, the courts below found that the entry of default judgment was entirely appropriate. This was a willful default. There are no meritorious defenses. And we submit that the default judgment should be affirmed. If the court has any questions, I'd be happy to address it. But there are detailed findings that both the bankruptcy court and the district court made in respect of both of those factors that are the key factors that the Second Circuit has said ought to be considered in determining whether there was abuse of discretion in entering a default judgment. Thank you. Thank you, Mr. Seidman. Your Honor, very briefly in further and required rebuttal. Yes. You have two minutes, Mr. Davis. Okay. Thank you. First of all, speaking of the willfulness of the default, I'll point out to the panel that during the time subsequent to the mailing of the adversary complaint, the debtor by counsel served a summons with notice and filed a list pendant against the property. That list pendant continued even after the filing by the debtor of the Chapter 7 petition. And this was known to the trustee. Because we told the trustee and we asked and we defended that lien because not only would that lien give the right of that creditor to hopscotch over all of the other creditors, but it would also defeat the rights of these appellants. Now, there was no response to the fact that the appellant's names are nowhere in any of the 140 or so allegations of fact. So to say that there was some sort of fraud is not supported by the record. And the conduct of the debtor, this was in a matrimonial action that preceded the Chapter 7 filing, and any matrimonial settlement related to property would be retroactive to the date of the divorce judgment, which here was 2012. But the appeal from the denial of the claim has not been dismissed. We've held it in abeyance, rightfully or not, because of this appeal. And we didn't want to have a series of appeals. But there is no allegation of knowledge on the part of the appellants with regard to any fraud. There is no allegation that they had knowledge of the matrimonial agreement between their parents or that they participated in it. The fact that the allegation that the debtor wanted to preserve some asset for his children has no link to the allegation of fraud. These were his children. Their parents were divorcing. The spouse sought to preserve her right to her equitable share of the matrimonial property, which she did. The settlement agreement was breached. And still there's the issue that the settlement agreement itself has made part of the record here with Swiss cheese in that there were huge gaps in it because the trustee never got or never provided the court with a complete copy. So the court will never know all of the elements of the settlement. But there's still a huge gap as to any knowledge on the part of the appellant. Mr. Davis, your time has expired. Did you want to sum up in one or two sentences? Yes. Briefly stated, the trustee should have went back either to the matrimonial court to have the issue of the cause and effect of the matrimonial stipulation and then have that Supreme Court decision transferred to the bankruptcy court and move forward. There was no opportunity for the spouse to even participate, which she should have. She did bring a subsequent contempt application before the U.S. Justice Supreme Court. Alternatively, once the spouse passed, the property passed by operation of law, absent of any intent, and it did pass prior to the filing by the debtor. So the trustee, once again, could have petitioned the surrogate court for an adjudication as to the rights of the appellant in that venue because that's the primary place to adjudicate title to the property. So they had two opportunities. We had asked for a time to answer the complaint. It was denied for obvious reasons. All things being said, the absence of material allegations that go to that match the relief sought are absent. The question of the appropriate exception to federal jurisdiction is there and not disposed of, and neither is the marital exclusion. Thank you. Thank you, Mr. Davis. It's a little awkward on the telephone, but I think we understand and have your argument. We'll take the matter under advisement. Thank you both. And that concludes the arguments to be heard this morning in court. So I'll ask the deputy to adjourn. Thank you.